IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KAREN POLSELLI, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES, an agency of United States Department of Homeland Security; CHAD WOLF, Acting Secretary of the United States Citizenship and Immigration Services; KEVIN MCALEENAN, Former Acting Secretary; MARY BETH BRENNAN SENG, an individual; FRANK DOYLE, an individual; DALE SMITH, an individual; KATHY ALLGOOD, an individual; TERESA VUONG, an individual; MARK ROHRS, section chief, an individual; DON OWENS, an individual; AMY OWEN, an individual; and CLAUDE RINKE, an individual;<br><br>Defendants. | 8:19CV503<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Dismiss filed by Defendants Chad Wolf and Kevin McAleenan, ECF No. 37. For the following reasons, the motion will be granted.

## BACKGROUND

Plaintiff Karen Polselli is a former employee of the United States Citizenship and Immigration Services (USCIS). She began working for USCIS on February 11, 2013, as an Immigration Services Officer II (ISO) at the USCIS Nebraska Service Center (Service Center), in Lincoln, Nebraska. Beginning in 2016, Polselli alleges that her supervisors at

USCIS violated her freedom of speech, her right to due process, and her right to be free from unreasonable searches and seizures.

Defendants Wolf and McAleenan are the current and former Acting Secretaries of Homeland Security.[1] Polselli does not allege any facts suggesting personal involvement by Wolf and McAleenan regarding her claims.

Polselli brought this case on November 18, 2019. Compl., ECF No. 1. USCIS and Wolf, then the only Defendants,[2] filed a Motion to Dismiss, on April 13, 2020. ECF No. 12. The Court granted Polselli permission to file an Amended Complaint on May 29, 2020. ECF No. 23. She filed her Amended Complaint on June 15, 2020, and the Court denied the then-pending Motion to Dismiss as moot. ECF Nos. 24, 25. Defendants Wolf and McAneenan filed the pending Motion to Dismiss on June 29, 2020. ECF No. 37.

## STANDARD OF REVIEW

"In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (*Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). "In a facial challenge to jurisdiction, the court presumes all of the factual allegations concerning jurisdiction to be true and will grant the motion only if the plaintiff fails to allege an element necessary for

---

[1] Plaintiff alleges Wolf and McAleenan are the current and former Acting Secretary of USCIS. *But see Chad F. Wolf*, Dep't Homeland Sec., https://www.dhs.gov/person/chad-f-wolf ("On November 13, 2019, Chad F. Wolf was designated as the Acting Secretary of Homeland Security . . . ."); *Kevin K. McAleenan*, Dep't Homeland Sec., https://www.dhs.gov/person/kevin-k-mcaleenan ("On April 8, 2019, Kevin K. McAleenan was designated as the Acting Secretary of Homeland Security . . . ."). The Department of Homeland Security is the parent agency of USCIS. *Organizational Chart*, Dep't Homeland Sec., https://www.dhs.gov/sites/default/files/publications/19_1205_dhs-organizational-chart.pdf.

[2] USCIS was not named as a Defendant in Polselli's Amended Complaint.

subject matter jurisdiction." *Young Am. Corp. v. Affiliated Comput. Servs.,* 424 F.3d 840, 843-44 (8th Cir. 2005) (citing *Titus*, 4 F.3d at 593). In a factual challenge to jurisdiction, "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn*, 918 F.2d at 730. "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Iowa League of Cities v. EPA*, 711 F.3d 844, 861 (8th Cir. 2013) (citing *Osborn*, 918 F.2d at 730). The plaintiff has the burden of proving jurisdiction exists. *Compart's Boar Store, Inc. v. United States*, 829 F.3d 600, 604 (8th Cir. 2016) (citing *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013)). "Once the evidence is submitted, the district court must decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue." *Osborn*, 918 F.2d at 730.

"As no statute or rule prescribes a format for evidentiary hearings on jurisdiction, 'any rational mode of inquiry will do.'" *Brown v. Grand Island Mall Holdings, Ltd.*, No. 4:09CV3086, 2010 WL 489531, at *2 (citing *Osborn*, 918 F.2d at 730). "So long as the court has afforded the parties notice and a fair opportunity to be heard, an evidentiary hearing is unnecessary." *Id.* at *2 (citing *Johnson v. United States*, 534 F.3d 958, 964-65 (8th Cir. 2008)).

## DISCUSSION

Polselli brings this cause of action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging federal officials at the Department of Homeland Security (DHS) and USCIS violated her constitutional rights. Defendants Wolf and McAleenan move to dismiss Polselli's claims against them for lack

of subject matter jurisdiction and for failure to state a claim. Fed. R. Civ. P. 12(b)(1), (6).[3] Polselli has not submitted a brief in opposition to this motion as required by local rules. NECivR 7.1(b)(1)(A).

The doctrine of sovereign immunity bars any action against the United States unless Congress has enacted a waiver of such immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Without a waiver of such immunity, courts do not have jurisdiction to hear claims against the federal government. *Id.* ("[T]he 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit'". (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941))).

A plaintiff may bring a *Bivens* cause of action "against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998) (citing *Bivens*, 403 U.S. 388). But "[i]t is well settled that a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity." *Id.* at 1203. A suit against a federal official in his official capacity is a suit against the United States, and without a waiver of immunity from the government, the suit cannot be maintained. *Id.*

In the Eighth Circuit, if a complaint does not specifically bring a case against officials in their individual capacities, courts presume the case is brought against the officials only in their official capacities. *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012). Polselli brings this action against Wolf and McAleenan as Acting Secretary and

---

[3] Because the Court finds it does not have jurisdiction to hear Polselli's claims against Wolf and McAleenan, it will not address whether Polselli has stated a claim upon which relief can be granted under Rule 12(b)(6).

4

former Acting Secretary of USCIS.[4] Polselli has not argued nor pleaded anything to overcome the presumption of official capacity. Therefore, the Court does not have jurisdiction to hear the claims brought against Wolf and McAleenan and they will be dismissed from this action.

Accordingly,

IT IS ORDERED:

1. The Motion to Dismiss filed by Defendants Chad Wolf and Kevin McAleenan, ECF No. 37, is granted;

2. This action is dismissed, without prejudice, as to Defendants Chad Wolf and Kevin McAleenan; and

3. The Clerk of Court shall amend the caption to reflect the dismissal of Wolf and McAleenan and shall remove the United States Citizenship and Immigration Services from the caption to reflect the Amended Complaint.

Dated this 6th day of August 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge

---

[4] *See supra* note 1.